1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOJDEH OMIDI and AURORA TELLERIA, individually and on behalf of others similarly situated,<br><br><div align="right">Plaintiff,</div><br>v.<br><br>WAL-MART STORES, INC., A Delaware corporation, et. al.,<br><br><div align="right">Defendant.</div> | Case No.:  14cv00857 JAH-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br>**[Doc. Nos. 59, 60]** |

## INTRODUCTION

Pending before the Court are Defendant FirstSight Vision Services' motion to dismiss (Doc. No. 59) and Walmart, Inc.'s motion to dismiss (Doc. No. 60) the Third Amended Complaint ("TAC") pursuant to Rules 12(b)(6), 9(b) and 12(f) of the Federal Rules of Civil Procedure.  Plaintiffs oppose the motions.  After a thorough review of the parties' submissions and for the reasons discussed below, the Court GRANTS in part and DENIES in part Defendants' motions.

## LEGAL STANDARDS

### I.  Rule 12(b)(6)

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732

<div align="center">1</div>

(9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is

not contested and matters of which the Court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## II.  Rule 9(b)

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to set forth "the who, what, when, where, and how" of the misconduct charged." *Vess v. Ciba-Geigy Corp., U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Second, the rule requires that the complaint "set forth an explanation as to why the statement or omission complained of was false and misleading." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

## III. 12(f)

A party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored, unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *See LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998); *See also Colaprico v. Sun Microsystems*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

//

# DISCUSSION

In the TAC, Plaintiffs assert Defendants Walmart and FirstSight engaged in fraudulent and unfair business practices in violation of California's Business & Professions Code section 17200, engaged in unfair business practices in violation of California Civil Code 1750, et seq, and disseminated false and misleading advertisements throughout the State of California in violation of California's Business & Professions Code section 17500.

Defendant FirstSight argues the TAC is subject to dismissal because Plaintiffs fail to plead their claims with particularity as required by Rule 9(b), Plaintiffs fail to set forth allegations demonstrating a fiduciary or other relationship to support their failure to disclose theory and fail to allege any actual harm from FirstSight's representations.

Defendant Walmart seeks dismissal because Plaintiffs do not allege facts giving rise to a duty to disclose, Plaintiffs' allegations do not meet the heightened standard of Rule 9(b), and the statement "independent doctors of optometry" is not actionable in this case.

## I.  Alleging Fraud with Particularity

## A.  Parties' Arguments

Defendant FirstSight contends Plaintiffs' allegations impermissibly lump Defendants together and lack the requisite specificity regarding when and how FirstSight's representations were made to Plaintiffs.  Defendant argues Plaintiffs fail to differentiate between Defendants to inform them of their alleged participation in the fraud.  Even though they allege FirstSight posted advertisements inside and outside the optometrists' offices, Defendant argues they do not allege they saw the advertisements inside the optometrist's office, when they saw the advertisements and what medium the advertisements were in to put FirstSight on sufficient notice of the claims against it.  Although collective allegations may be used when the defendants are alleged to have engaged in identical conduct, Defendant argues, here, there are no allegations that they engaged in identical conduct, had a parent-subsidiary relationship or worked in concert.

Additionally, Defendant argues the allegation that Plaintiffs saw in store advertising on multiple trips to Walmart, at a minimum, in the sixth month period preceding and during their June 27, 2012 and July 29, 2012 visits is too imprecise.

Plaintiffs argue their allegations that they saw the advertisements in at least the six months prior to and on the day of their examinations satisfy Rule 9(b) because they give Defendant sufficient notice of the claims against it.   They further argue the TAC alleges each Defendants' separate acts.

In reply, Defendant FirstSight contends, while there are allegations FirstSight had the right to install signs, there are no allegations that FirstSight did in fact post any signs. Even if Plaintiffs' allegations that FirstSight either posted or consented to the posting of the signs in the optometrists' offices were sufficient, Defendant argues Plaintiffs do not allege they saw the signs and relied upon them.

Defendant Walmart argues Plaintiffs' vague assertion that they saw the advertisements, at a minimum, in the sixth months prior to and on the day of their exams is not sufficient to meet the standard of Rule 9(b).  Plaintiff argues their allegations that they saw the misrepresentations in at least the six months prior to the date of their respective visits to the optical department in addition to seeing those advertisements on the same day that they visited the optical department and paid for their eye exams is sufficient to notify Defendants of the allegations against them.

**B.  Analysis**

In the TAC, Plaintiffs allege Walmart leases office space to FirstSight throughout California and FirstSight subleases the space to licensed optometrists to conduct eye exams on the premises through individual agreements designed to provide Walmart and FirstSight control and influence over the individual optometrists' practices.  TAC ¶¶ 22 - 40.  They further allege Walmart posted signs and displays throughout the Walmart optical department advertising the availability of eye exams performed by independent doctors. *Id*. ¶ 41.   Additionally, Plaintiffs allege FirstSight controlled the advertising the optometrists posted inside and outside their offices by requiring the optometrists obtain

consent prior to posting any signs or advertisements and including a right by FirstSight to post signs in the agreement and they also allege signs advertising eye exams by independent doctors were posted either by FirstSight or with its consent. *Id*. ¶¶ 42, 43. Plaintiffs allege despite the representations of independent optometrists, the optometrists were subject to Defendants' control and influence in material ways. *Id*. ¶ 49.

Plaintiffs specifically allege Plaintiff Omidi visited the optical department of Walmart located at 4840 Shawline Street in San Diego, California on or about June 27, 2012, and on that day and, "at a minimum, in the six-month period preceding" her visit that day, saw in-store advertising regarding the availability of exams by independent doctors. *Id*. ¶¶ 50, 51. Based on that representation, Plaintiff believed the doctor was independent and she paid $58 for an eye exam. *Id*. ¶¶ 53, 54. She alleges the optometrist was under the lease that provided Defendants control over the optometrist's practice. *Id*. ¶ 55. Additionally, she alleges she would not have paid for or undergone the exam if she knew it was not provided by an independent doctor and she lost $58 by paying for the exam. *Id*. ¶¶ 58 - 60.

Plaintiffs also allege Plaintiff Telleria visited the optical department at Walmart located at 75 North Broadway in Chula Vista, California on or about July 29, 2012 and on that day and, "[at] a minimum, in the six-month period preceding" the visit that day, saw in-store advertising regarding eye exams performed by independent doctors. *Id*. ¶¶ 61 - 63. Plaintiff alleges she purchased an eye exam for $58 believing it would be provided by an independent doctor after seeing the advertising. *Id*. ¶¶ 64 - 65. Instead, Plaintiff alleges the optometrist was under the lease which provided Defendants control and influence over materials aspects of the optometrist's practice. *Id*. ¶ 66. She alleges she would not have purchased or undergone the exam if she knew the doctor was not independent. *Id*. ¶¶ 69 - 70.

Rule 9(b) requires a plaintiff's allegations of fraud "be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done

anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).  Both Defendants challenge the adequacy of Plaintiffs' allegations that they saw Defendants' advertising "at a minimum, in the six-month period preceding" their visits on June 27, 2012 and July 29, 2012 as too imprecise.   Even assuming the six-month period is too imprecise, Plaintiffs also allege they saw the advertisements on the day they each visited the onsite optometrists and provide the specific dates.  The Court finds Plaintiffs sufficiently allege when they saw the advertisements to put Defendants on notice of the claims so they may defend against them.

Defendant FirstSight also contends Plaintiffs improperly lump Defendants together. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant. . .and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D.Fla.1998). A plaintiff may use collective allegations to describe the actions of multiple defendants where defendants "are alleged to have engaged in precisely the same conduct."  *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).  Plaintiffs allege the tenant optometrists were required to obtain consent from FirstSight before posting signs and advertisements and FirstSight either posted or consented to the signs advertising eye examinations by independent doctors.   Plaintiffs sufficiently allege FirstSight's participation in the conduct.  *See People v. Toomey*, 157 Cal.App.3d 1, 14-15 (1984).

Accordingly, Plaintiffs meet the specificity requirements of Rule 9(b) and the motions to dismiss for failure to meet Rule 9(b)'s pleading standard are DENIED.

**II.  Failure to Disclose Theory**

**A.  Parties' Arguments**

Defendant FirstSight argues the TAC is devoid of any allegations giving rise to a duty to disclose. Defendant maintains Plaintiffs fail to allege any fiduciary or other relationship between the parties to support their failure to disclose theory.   Specifically,

Defendant maintains the doctor-patient relationship exists between Plaintiffs and the optometrists only and there is no buyer-seller relationship because the eye exams were purchased from the optometrists.

Similarly, Defendant Walmart argues Plaintiffs do not allege facts giving rise to a duty to disclose to support their claim for failure to disclose.  Defendant contends it did not owe a fiduciary duty because the optometrists, not Walmart performed the eye exams. Defendant maintains Plaintiffs allege they entered into a transaction with Walmart but they allege no facts showing this transaction or relationship.  Additionally, Defendant maintains Plaintiffs offer only conclusory allegations of a transaction or relationship which are contradicted by other allegations.

Plaintiffs contend they sufficiently allege Defendants had a duty to disclose the optometrists were not independent because they allege Defendants made statements and failed to disclose facts which materially qualify the statements, the facts Defendants failed to disclose are known only to them and are not reasonably discoverable by Plaintiffs and Defendants actively concealed the facts.  They further contend Defendants derived benefit and shared monies from the eye exams and, therefore, had a duty to disclose facts.

Defendant FirstSight contends, in reply, Plaintiffs' argument ignores this Court's finding that the elements Plaintiffs rely on presuppose the existence of some relationship between Plaintiff and Defendant.  Defendant maintains Plaintiffs do not plead any type of relationship or transaction in their TAC or address the argument in their opposition. Additionally, FirstSight argues Plaintiffs do not plead any statute or prescriptive law giving rise to a duty.

Defendant Walmart argues, in reply, it showed Plaintiffs do not allege any relationship or transaction giving rise to a duty to disclose because their allegations of a fiduciary obligation and transaction between Walmart and Plaintiffs are conclusory and implausible.  Defendant maintains Plaintiffs' opposition does not dispute its argument and, therefore, they concede the allegations do not support any claim.  Additionally, Defendants maintain Plaintiffs do not point to any other allegations showing any relationship or

14cv00857 JAH-BLM

transaction with Walmart, but rather, suggest that they do not need to allege a transaction or other relationship with Walmart.  Defendant contends this argument ignores the Court's prior order and is contrary to California law.  Defendant argues Plaintiffs fail to allege facts showing a fiduciary or transactional relationship with Walmart, and thus there is no duty of disclosure.

**B.  Analysis**

Under California law, a cause of action for fraudulent concealment requires an allegation that the defendant owed a duty to disclose the concealed fact.  *Levine v. Blue Shield of California*, 189 Cal.App.4th 1117, 1126–1127 (2010).   "There are four circumstances in which a duty to disclose may arise such that nondisclosure or concealment constitutes actionable fraud: (1) when a fiduciary relationship exists between the parties; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes a partial representation to the plaintiff while suppressing other material facts."  *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336 (1997) (citations omitted). "The first circumstance requires a fiduciary relationship; each of the other three 'presupposes the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise.'"  *Deteresa v. Am. Broad. Cos.*, 121 F.3d 460, 467 (9th Cir. 1997) (quoting *LiMandri*, 52 Cal.App.4th at 3363-7).   "Such relationships 'are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances.' Examples are 'seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement.'"  *Id.* (quoting *LiMandri*, 52 Cal.App.4th at 337).

As noted by both Defendants, Plaintiffs ignore the requirement of a fiduciary or other relationship giving rise to the duty to disclose in their opposition.  The TAC alleges Plaintiffs "entered into a transaction with both Defendants who benefited from the monies" paid by Plaintiffs' to the optometrists for the eye exams when the optometrists shared their proceeds with Defendants.  ¶¶ 56, 67.  However, the factual allegations that Defendants

benefitted from the transaction between Plaintiffs and the optometrists do not show a transaction between Plaintiffs and Defendants giving rise to a duty to disclose. Plaintiffs also allege "Defendants engaged in the practice of optometry by controlling material aspects of their tenant-optometrists' practices" and therefore owe them a fiduciary duty. ¶¶ 57, 68. The control over the optometrists' practices provided by the leases did not result in Defendants engaging in the unlicensed practice of medicine. The allegations of the TAC fail to demonstrate Defendants knowingly undertook the obligations of a fiduciary. *See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal.App.4th 226, 246, (2007) (Recognizing imposition of a fiduciary obligation requires a person either knowingly undertakes to act on behalf of and for the benefit of another or enters into a relationship which imposes the duty as a matter of law.).

Plaintiffs fail to allege a duty to disclose to support their failure to disclose theory. Accordingly, the motions are GRANTED as to the failure to disclose claims.

## III. Actual Harm

Defendant FirstSight argues Plaintiffs fail to allege any harm resulting from its representations. Defendant argues there are no allegations that the exam each received was worth less than what they paid or less valuable than what they were promised.

Plaintiffs maintain Defendant is attempting to rehash an argument resolved by the Ninth Circuit in this case. They argue the TAC alleges both Plaintiffs would not have paid for the eye exams had they known that their respective optometrists were not independent and, therefore, they sufficiently plead an adequate injury related to FirstSight's representations.

In its decision, the Ninth Circuit determined Plaintiffs established standing in this case by asserting they would not have purchased an eye exam if they had known the optometrist was not independent. In the TAC, Plaintiffs specifically allege they would not have paid for the eye exams if they knew the optometrists were not independent. Accordingly, they sufficiently allege harm to support their claims against Defendant FirstSight. The motion to dismiss for failure to allege actual harm is DENIED.

**IV.  Whether the Representation is Actionable**

Defendant Walmart contends the statement "independent doctors of optometry" is nonactionable puffery in the context of this matter because it is subjective.  Defendant maintains Plaintiffs provide no objective standard to evaluate the statement and their standard, not operating under duress or influence that would present a conflict of interest in performing exams and recommending treatments, requires multiple subjective assessments.

Plaintiffs contend this argument is not appropriate for ruling on a motion to dismiss, as it is generally a question of fact.  Additionally, they maintain a Rule 12(b)(6) motion requires the Court to accept all factual allegations as true and construe the pleadings in Plaintiffs' favor.  They maintain they sufficiently allege that they relied on Defendants' statement about independent doctors of optometry which is a direct statement about the product or service that Defendant offered.

In reply, Defendant contends the Ninth Circuit has specifically held that district courts may properly resolve whether a statement is puffery on a motion to dismiss pursuant Rule 12(b)(6).  Defendant argues Plaintiffs offer no factual allegations showing that the sign advertising independent doctors of optometry is actionable and offer no objective basis on which the Court can evaluate whether their doctors were truly "independent." Defendant maintains Plaintiffs' allegations confirm their claims turn on multiple subjective assessments and argues Plaintiffs do not and cannot allege that Walmart quantified numerically or made a specific and measurable claim with the sign.

Vague, generalized assertions that amount to puffery are not actionable under California's consumer-protection laws.  *See Glen Holly Entm't, Inc. v. Tektronix Inc.*, 352 F.3d 367, 379 (9th Cir. 2003); *Peviani v. Natural Balance, Inc.*, 774 F.Supp.2d 1066, 1072 (S.D.Cal. 2011).  Whether an alleged misrepresentation is puffery is a legal question that may be resolved on a Rule 12(b)(6) motion.  *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (citing *Cook, Perkiss, & Liehe v. Northern California Collection Service, Inc.*, 911 F.2d 242, 245 (9th Cir.1990)).  A statement that is quantifiable

and addresses the specific characteristics of a product may be actionable while a general statement involving a subjective claim about a product is nonactionable puffery. *Newcal Indus.*, 513 F.3d at 1053.

The TAC alleges Defendant posted signs throughout Walmart Optical advertising exams by independent doctors of optometry. At least at the pleading stage, the Court finds that a reasonable consumer could rely on the statement advertising the doctors who offices are located within Walmart Optical are independent. Accordingly, the statement is actionable and the motion to dismiss on this basis is DENIED.

**V. Leave to Amend**

Both Defendants request dismissal with prejudice. Plaintiffs request leave to amend. Leave to amend a pleading is generally freely granted and is within the discretion of this Court. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Moreover, leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiffs failed to allege facts demonstrating a duty to disclose to support their claims based upon a failure to disclose theory despite this Court's prior order and the opportunity to amend to cure the deficiency noted. Plaintiffs also ignore the Court's determination that fraudulent concealment requires a fiduciary or other relationship between the parties. The Court finds this demonstrates Plaintiffs are unable to allege facts to support their failure to disclose theory. Accordingly, the claim is dismissed without leave to amend.

<div align="center"><strong>CONCLUSION AND ORDER</strong></div>

Based on the foregoing, IT IS HEREBY ORDERED:

1.     Defendant Wal-Mart's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Plaintiffs' claims based upon a failure to disclose theory. The motion is otherwise **DENIED.**

2.     Defendant FirstSight's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** as to Plaintiffs' claims based upon a failure to disclose theory.  The motion is otherwise **DENIED.**

3.     Plaintiffs' claims based upon a failure to disclose theory are **DISMISSED with prejudice.**

4.     The joint motion to continue the deadline for Defendant Walmart to respond to the TAC (Doc. No. 58) is **DENIED as moot**.

DATED:    February 4, 2021

_____
JOHN A. HOUSTON
United States District Judge